**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-01590

RASHMI GOEL,

    Plaintiff,

v.

COLORADO SEMINARY, a Colorado Nonprofit Corporation,

    Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff Rashmi Goel for her Complaint states:

## INTRODUCTION

1. This is a wage discrimination suit brought by a current professor at Defendant Colorado Seminary's Sturm College of Law who discovered, after 17 years of employment, that she has been subjected to unequal pay on the basis of sex in violation of the Equal Pay Act of 1963, as amended, 29 U.S.C. §§ 206(d), 215(a)(3) ("EPA"), and on the basis of race, in violation of 42 U.S.C. § 1981.

## PARTIES

2. Plaintiff Rashmi Goel is a resident of the State of Colorado.

3. Defendant Colorado Seminary is a Colorado nonprofit corporation having its principal place of business in the City and County of Denver.

4. Colorado Seminary's principal office is 2199 S. University Boulevard in Denver, Colorado 80208.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331, and specifically under the EPA and 42 U.S.C. § 1981.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the employment practices and other conduct alleged to be unlawful were and continue to be committed in the District of Colorado.

7. At all relevant times, Defendant was subject to 42 U.S.C. § 1981 and was covered by the definition of "employer" set forth in 29 U.S.C. § 203(d) of the Fair Labor Standards Act, of which the EPA is a part.

## SPECIFIC ALLEGATIONS

8. Defendant Colorado Seminary operates as the University of Denver ("DU").

9. DU is engaged in the business of higher education.

10. DU operates the Sturm College of Law ("SCOL").

11. SCOL's tenured professors are responsible for teaching courses, producing legal scholarship, and providing service to DU, the legal profession, and the public and professors are evaluated in these three areas, i.e., teaching, scholarship, and service, accordingly.

12. In September 2016, the U.S. Equal Employment Opportunity Commission filed Civil Action No. 1:16-cv-02471-WYD-MJW against DU to seek redress for female full law professors who were compensated substantially less than male full law professors despite performing as well or better than males in the areas of teaching, scholarship, and service.

13. In May 2018, DU, the EEOC, and seven plaintiff-intervenors were parties to a Consent Decree that was approved by Judge Wiley Daniel.

14. Pursuant to the Consent Decree, DU agreed, among other things, to post annually "a written publication of salary and compensation data for tenured and tenure-track faculty and long-term contract faculty with governance rights, employed at the [SCOL]."

15. The Consent Decree required that the table of salaries and other compensation include "position held, date of hire, and EEO reporting categories (including race, national origin, and gender) but without any disclosure of faculty names."

16. DU published this required salary and compensation data for the first time on or around January 31, 2019.

17. On or around February 3, 2019, Plaintiff Rashmi Goel, an Associate Professor who has been teaching at SCOL for 17 years, reviewed the salary and compensation data for herself and SCOL's other Associate and Assistant Professors.

18. Despite Plaintiff's excellent performance and the fact that she has worked as a professor at SCOL longer than any other Associate Professor at SCOL, she was devastated to discover that she is currently *the lowest paid Associate Professor* at SCOL.

**Plaintiff Rashmi Goel has a Long and Outstanding Record of Performance at DU.**

19. Plaintiff is an Asian woman.

20. After earning her B.A. (Hons) and Bachelor of Laws from the University of Saskatchewan in 1992, Plaintiff served as a clerk at the Saskatchewan Court of Appeals.

21. Plaintiff then went on to earn an LL.M. from Stanford Law School in 1996.

22. In the following five years, Plaintiff served as a fellow on the law faculty at McGill University, a visiting professor at the University of New Brunswick, Syracuse University College of Law, and the University of Tulsa College of Law, and a distinguished scholar in residence at the California Western School of Law.

23. DU hired Plaintiff to teach at SCOL as an Assistant Professor in 2002.

24. In 2009, DU granted Plaintiff tenure and made her an Associate Professor.

25. During her employment with DU, Plaintiff has taught three classes at SCOL: large and small sections of Criminal Law to first year day students and second year evening students; a seminar called Multiculturalism, Race and the Law that was the only class offered at SCOL related to race for several years; and Comparative Law, for which she is currently the only professor.

26. Plaintiff is beloved by her students, who respect her passion, commitment, and generosity, including hosting them for dinners at her home and holding copious study sessions and office hours to help them prepare for exams.

27. Plaintiff's teaching evaluations are consistently outstanding and she has been nominated for a number of teaching awards over the years.

28. As recently as April 2019, the Dean of SCOL, Bruce Smith, nominated Plaintiff and six other professors from SCOL for a DU-wide recognition of outstanding teachers.

29. Smith has repeatedly told Plaintiff that she is the SCOL professor about whom he receives the most unsolicited positive feedback from SCOL graduates, including that they found her classes to be the most consequential in their law school careers.

30. In Plaintiff's 17 years at DU, she has only ever taken three semesters off from teaching, which contrasts sharply with her colleagues who have spent numerous semesters on leave or visiting other schools.

31. In the area of scholarship, Plaintiff has authored several articles, including five appearing in law reviews and one in a social science peer-reviewed journal.

32. Plaintiff's work has also been featured in two symposium anthologies: "Culture and the Courts Law and Power in the Margins: Voices from Beyond the Centers" and "Problematizing Assumptions about Gender Violence" in the Miami Race and Social Justice Law Review.

33. Plaintiff's scholarship demonstrates expertise in numerous areas, including domestic violence, Aboriginal and Indigenous peoples law, comparative law, criminal law, critical race theory, juvenile justice, restorative justice, and alternative dispute resolution.

34. In addition, Plaintiff has contributed to three books focusing on gender violence: an entry in the Routledge International Encyclopedia of Women: Global Women's Issues and Knowledge (2000), published by Routledge, and chapters in Domestic Violence and Restorative Justice (2009) and Comparative Perspectives on Gender Violence: Lessons from Efforts Worldwide (2015), both published by Oxford University Press.

35. Plaintiff was one of two co-editors of Comparative Perspectives on Gender Violence, a project that she shepherded from initial proposal to Oxford University Press through publication, including editing the original contributions from 17 esteemed scholars from around the world.

36. Since 2013 alone, Plaintiff has presented her scholarly work at 31 presentations spanning the gamut from the Rocky Mountain Collective on Race, Place, and Law Speaker Series and workshops at DU to national presentations at Latina & Latino Critical Legal Theory, Inc., a/k/a LatCrit conferences and international conferences in South Africa and India.

37. Plaintiff was also appointed to serve as a member of the National Consult Group on Rape Law Reform for India because of her expertise in comparative law, gender violence, and Indian rape law.

38. Plaintiff's history of service, both at SCOL and in the community, is extensive.

39. At SCOL, Plaintiff has served on numerous committees, including several advisory committees, and SCOL's Admissions, Faculty Executive, Long-Term Contract with Governance Rights Review, Modern Learning, Loan Repayment Assistance Program, Appointments, and Standing and Examinations Committees.

40. Plaintiff also supports junior faculty through Works in Progress and reviewing and providing feedback on drafts of their various scholarship.

41. Plaintiff's most notable contribution at SCOL has been as the chair of the Rocky Mountain Collective on Race, Place, and Law ("RPL") since its founding in 2012.

42. RPL is a group of more than 20 faculty, administrators, and staff at SCOL who are committed to social justice, inclusion, and equity and whose work is intended to support students and alumni, showcase the scholarly and high impact work of RPL's members, and provide advocacy to and foster engagement with the public.

43. Despite the tremendous value of RPL and the considerable extra time and energy that it requires, Plaintiff receives neither additional compensation nor basic administrative assistance for her critical role with the organization.

44. With respect to national service, Plaintiff was primarily responsible for organizing the first conference of LatCrit in Denver in 2010 and has participated in that conference as a presenter and attendee for a number of years.

**DU has Failed to Take Steps to Rectify Plaintiff's Low Salary in Comparison to Male and non-Asian Associate Professors.**

45. Of the current pool of twelve Associate Professors, Plaintiff has been at SCOL the longest, yet she earns over $30,000 less than the average salary of the eleven Associate Professors who earn more than her.

46. Of the eleven Associate Professors who earn more than Plaintiff, ten are male and/or non-Asian.

47. Plaintiff earns $40,000 to $50,000 less annually in base salary alone than the Associate Professors who have the most comparable years of experience to Plaintiff.

48. A number of the Associate Professors who have the most comparable years of experience to Plaintiff are male or non-Asian.

49. One Assistant Professor, who DU hired in 2018, earns about $8,500 more than Plaintiff annually.

50. After DU published faculty salaries in early 2019, Plaintiff met with Dean Smith on March 1, 2019.

51. During that meeting, Smith expressed his disbelief at Plaintiff's low salary, especially in comparison to her junior colleagues, and went so far as to say that he had tried to "reverse engineer" how DU had arrived at her salary but was unable to do so.

52. Smith further agreed that this was a pressing issue that needed to be fixed promptly.

53. Despite Smith's representation, Plaintiff continues to be compensated considerably less than her male and/or non-Asian colleagues.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Sex-Based Wage Discrimination in violation of the Equal Pay Act of 1963, as amended)

54. The foregoing allegations are realleged and incorporated herein by reference.

55. Plaintiff performed work that was substantially equal to that of other male Associate Professors considering the skills, duties, supervision, effort, and responsibilities of the Associate Professor position at SCOL.

56. The conditions where the work was performed by Plaintiff and the male Associate Professors were basically the same.

57. The male Associate Professors were paid more than Plaintiff under such circumstances.

58. DU either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the EPA.

59. As a direct and proximate result of DU's actions, Plaintiff has suffered damages, including lost wages and benefits.

## SECOND CLAIM FOR RELIEF
(Race Discrimination in Violation of 42 U.S.C. § 1981)

60. The foregoing allegations are realleged and incorporated herein by reference.

61. DU knowingly and willfully engaged in illegal employment practices and policies that discriminated against Plaintiff because of her race.

62. Such illegal employment practices and policies included, but were not limited to, infringing upon Plaintiff's enjoyment of all benefits, privileges, terms and conditions of her contractual relationship with DU because of her race and through a pattern or practice of race-based pay discrimination. This includes unequal pay.

63. Such practices and policies violate 42 U.S.C. § 1981.

64. DU's actions towards Plaintiff were exercised with malice and reckless indifference to Plaintiff's federally-protected rights.

65. As a proximate result of DU's actions, Plaintiff has suffered and continues to suffer a loss of wages and benefits, emotional distress, inconvenience, mental anguish, loss of enjoyment of life, and other consequential damages.

WHEREFORE, Plaintiff Rashmi Goel respectfully requests that this Court enter judgment in her favor and against Defendant and order the following relief as allowed by law:

    A.    Compensatory damages, including but not limited to those for emotional distress, inconvenience, mental anguish, and loss of enjoyment of life;

    B.    Back pay and benefits;

    C.    Injunctive and/or declaratory relief;

    D.    Front pay in the form of a prospective salary increase;

    E.    Liquidated damages;

    F.    Punitive damages;

    G.    Attorney fees and costs of the action, including expert witness fees, as appropriate;

    H.    Pre-judgment and post-judgment interest at the highest lawful rate; and

    I.    Such further relief as justice allows.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted June 3, 2019.

                By:    SWEENEY & BECHTOLD, LLC

                       s/Charlotte Sweeney
                       650 S. Cherry St., Ste. 700
                       Denver, CO 80246
                       Telephone: (303) 865-3733
                       Fax: (303) 865-3738
                       E-mail: cnsweeney@sweeneybechtold.com

                       s/Ariel B. DeFazio
                       650 S. Cherry St., Ste. 700
                       Denver, CO 80246
                       Telephone: (303) 865-3733
                       Fax: (303) 865-3738
                       E-mail: abdefazio@sweeneybechtold.com


                       ATTORNEYS FOR PLAINTIFF

Plaintiff's Address:
2255 E. Evans Avenue
Denver, CO 80210

## CERTIFICATION OF GOOD STANDING

I hereby certify that I am a member in good standing of the bar of this Court.

By:   SWEENEY & BECHTOLD, LLC

s/Charlotte Sweeney
650 S. Cherry St., Ste.700
Denver, CO 80246
Telephone: (303) 865-3733
Fax: (303) 865-3738
E-mail: cnsweeney@sweeneybechtold.com

s/Ariel B. DeFazio
650 S. Cherry St., Ste. 700
Denver, CO 80246
Telephone: (303) 865-3733
Fax: (303) 865-3738
E-mail: abdefazio@sweeneybechtold.com

ATTORNEYS FOR PLAINTIFF